**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSEPH JAMES DAWSON, JR.,

      Plaintiff,

v.                                                                Case No. 8:26-cv-1443-WFJ-AEP

SHERIFF BOB GUALTIERI, *et al.*,

      Defendants.

_____/

**<u>ORDER</u>**

Joseph James Dawson, Jr., a Florida prisoner, initiated this action by filing a *pro se* civil-rights complaint under 42 U.S.C. § 1983, (Doc. 1), and a motion to proceed *in forma pauperis*, (Doc. 2). Upon review, *see* 28 U.S.C. § 1915A, the Court concludes that the complaint must be dismissed for failure to state a claim.

This action arises from an incident that occurred at the Pinellas County Jail on May 6, 2024. (Doc. 1 at 5). On that date, Mr. Dawson "sat down at a table" that was "broken." (*Id.* at 8). He fell, hit his head, and was knocked unconscious. (*Id.* at 17). When he awoke, he was "in medical receiving a haircut because of a wound [he] had suffered" on his head. (*Id.*) Mr. Dawson was in a "restraint chair," and he was "vomiting." (*Id.* at 8, 17). Lieutenant Blount, Deputy Howsare, and Corporal Hardwick had placed Mr. Dawson in the chair. (*Id.* at 8). They were "watching and asking question[s] while [Mr. Dawson] was in [a] disoriented state of mind." (*Id.*) Mr. Dawson was in the restraint chair for two hours. (*Id.* at 17).

As a result of his injuries, Mr. Dawson experienced "headaches" and "slight memory loss." (*Id.* at 18). He received Tylenol for the headaches, but a nurse at the jail refused to order a "CT scan or MRI." (*Id.* at 10). Mr. Dawson claims that the "Pinellas County Jail" was "negligen[t]" for failing to "fix the tables" in his dorm. (*Id.* at 6). He also alleges that Lieutenant Blount, Deputy Howsare, and Corporal Hardwick "ignor[ed] [his] serious medical needs" and "physical[ly] abuse[d]" him by placing him in the restraint chair. (*Id.* at 4, 6). Finally, he asserts that Sheriff Bob Gualtieri violated his "legal duty of care" and was therefore "negligen[t]." (*Id.* at 6). In his complaint, Mr. Dawson brings official-capacity claims against these officials and seeks $280,000 in monetary damages. (*Id.* at 2-3, 11).

Mr. Dawson's complaint is deficient as a matter of law. As just noted, he sues each defendant in his official capacity only. An official-capacity claim is a claim against the entity of which the named defendant is an agent—in this case, Pinellas County. *Owens v. Fulton Cnty.*, 877 F.2d 947, 951 n.5 (11th Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). "When suing local officials in their official capacities under § 1983, the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005). "A policy is a decision that is officially adopted by the [government entity], or created by an official of such rank that he or she could be said to be acting on behalf of the [government entity]." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). "A custom is a practice that is so settled and permanent that it takes on the force of law." *Id.* Mr. Dawson fails to plead facts showing that any alleged

constitutional violation resulted from a policy or custom of Pinellas County. Accordingly, he fails to state an official-capacity claim.

Even if he had sued the defendants in their individual capacities, Mr. Dawson's complaint would remain deficient. First, he fails to state a claim based on the broken table. A conditions-of-confinement claim "requires a two-prong showing": (1) "an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities'" and (2) "a subjective showing that the official had a 'sufficiently culpable state of mind.'" *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). With respect to the objective inquiry, a plaintiff "must at the very least show that a condition of his confinement 'pose[d] an unreasonable risk of serious damage to his future health' or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). With respect to the subjective inquiry, the plaintiff must show that jail officials acted with "deliberate indifference" to the risk of harm. *Thomas*, 614 F.3d at 1304. "[S]imple negligence won't do; instead, the plaintiff must show 'subjective recklessness as used in the criminal law.'" *Swain v. Junior*, 961 F.3d 1276, 1285-86 (11th Cir. 2020) (quoting *Farmer*, 511 U.S. at 839-40).

Mr. Dawson fails to state a conditions-of-confinement claim. He alleges that he was injured after falling from a broken table. (Doc. 1 at 8). But "[t]he bare allegation that a table in the jail was broken does not establish an extreme condition that created a risk of serious damage to [Mr. Dawson's] health." *Daniels v. Hendry Cnty. Jail*, No. 2:25-cv-26-SPC-NPM, 2025 WL 873604, at *1 (M.D. Fla. Mar. 20, 2025). Mr. Dawson further alleges

that the table "was already broken and needed to be repaired." (Doc. 1 at 9). The failure to fix the table "may have been negligent (and poorly advised in hindsight)," but nothing in the complaint suggests that "the risk of serious harm was so obvious that the defendants acted with criminal recklessness." *Daniels v. Whidden*, No. 2:25-cv-587-JLB-KCD, 2025 WL 2671700, at *3 (M.D. Fla. Aug. 18, 2025); *see also Baker v. Alford*, No. 3:11-cv-0675-PBK, 2011 WL 2601516, at *3 (N.D. Tex. May 20, 2011) ("Plaintiff's assertion that [jail officials] had prior knowledge of the defective stool but failed to repair or change it, subsequently resulting in Plaintiff's fall[,] constitutes negligence at most."), *adopted by* 2011 WL 2619082 (N.D. Tex. June 30, 2011).

Mr. Dawson also fails to state a claim based on his placement in the restraint chair. He alleges that Lieutenant Blount, Deputy Howsare, and Corporal Hardwick "physical[ly] abuse[d]" him by placing him in the chair for two hours. (Doc. 1 at 4, 6). "[A] pretrial detainee's constitutional rights are violated when the force purposely or knowingly used against him was objectively unreasonable." *United States v. Hill*, 99 F.4th 1289, 1301-02 (11th Cir. 2024) (citation omitted). "Force is excessive if it is not rationally related to a legitimate nonpunitive governmental purpose or if it appear[s] excessive in relation to that purpose." *Id.* at 1302 (citation omitted). Here, Mr. Dawson was placed in the restraint chair in the "medical" unit after he suffered a head injury that rendered him unconscious. (Doc. 1 at 17). While he was in the chair, he received medical treatment, including "a haircut because of a wound [he] had suffered" on his head. (*Id.*) Thus, the allegations establish a "legitimate nonpunitive governmental purpose" for the use of the restraint chair—securing Mr. Dawson while he was unconscious and receiving treatment for a head injury. *Hill*, 99

- 4 -

F.4th at 1302. Additionally, Mr. Dawson pleads no facts showing that the two hours he spent in the chair was "excessive in relation to th[e] purpose" of securing him while he underwent treatment. *Id.*

Finally, Mr. Dawson fails to allege facts showing that any defendant "ignor[ed] [his] serious medical needs." (Doc. 1 at 6). To plead such a claim, a plaintiff must allege "(1) that he had an objectively serious medical need, (2) that [the defendant] acted with subjective deliberate indifference to [that] serious medical need, and (3) that he suffered an injury . . . caused by [the defendant's] wrongful conduct." *Patel v. Lanier Cnty.*, 969 F.3d 1173, 1188 (11th Cir. 2020). To establish deliberate indifference, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). "Mere negligence or medical malpractice is not sufficient." *Mandel v. Doe*, 888 F.2d 783, 787-88 (11th Cir. 1989).

Mr. Dawson does not plead a "complete denial" of medical care for his head injury. *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011). To the contrary, he alleges that he was treated immediately after the fall and regularly received Tylenol for the headaches he experienced afterwards. (Doc. 1 at 10, 17). Rather than alleging a complete denial of care, Mr. Dawson appears to take issue with the prescribed course of treatment. (*Id.*) For example, he faults a jail nurse for refusing to order a CT scan or MRI. (*Id.* at 10). But "a simple difference in medical opinion between the [jail]'s medical staff and the inmate as to the latter's diagnosis or course of treatment" is insufficient to state a constitutional violation. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Indeed, "the question

of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability" under the Fourteenth Amendment. *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995). Because he alleges nothing more than a disagreement over matters of medical judgment, Mr. Dawson fails to state a plausible claim for deliberate indifference to serious medical needs. *See Culver v. Bayola, MD*, No. 18-12968-G, 2019 WL 3247159, at *1 (11th Cir. Feb. 19, 2019) ("[Plaintiff's] core contention that [the doctor] should have ordered an MRI was a disagreement in medical judgment, which did not rise to the level of [a constitutional violation].").

Accordingly, it is **ORDERED** that:

1.    Mr. Dawson's complaint, (Doc. 1), is **DISMISSED without prejudice** for failure to state a claim. His motion to proceed *in forma pauperis*, (Doc. 2), is **DENIED as moot**. The Clerk is directed to **CLOSE** this case.

2.    If he wishes to pursue a civil-rights action, Mr. Dawson may file a new complaint in a new case, including sufficient factual matter to state a plausible claim against a proper defendant.

**DONE** and **ORDERED** in Tampa, Florida, on May 15, 2026.

_____

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**